18977. FIRST NATIONAL BANK OF ATLANTA *v.* MANN.

WYATT, Presiding Justice. Katherine E. Mann, Ordinary of DeKalb County, filed suit in DeKalb Superior Court against First National Bank of Atlanta as depository for DeKalb County, seeking a writ of mandamus to require the defendant to pay the petitioner $1,545 as salaries alleged to be due the ordinary and her employees and assistants for the month of January, 1955. The statute with reference to the fixing of the salary of the ordinary reads in part as follows: "The salaries of the . . . Ordinary . . . may be reviewed within ninety days . . . of the third year of their terms, by the Commissioner of Roads and Revenues of such Counties . . . such salaries increased or decreased for the remainder of the terms, but such salary adjustments, if any, shall be submitted to and approved by the Grand Jury of such counties in the manner provided by Section 5 of this Act." Ga. L. 1951, p. 92. The act with reference to the fixing of the salaries of the employees and

assistants reads in part as follows: "At least ninety days before the first day of January . . . the officers to whom this Act applies shall furnish to the County Commissioners . . . a statement as to the number of assistants or deputies required by each official, together with a recommendation as to the salaries . . . and thereupon the said County Commissioners . . . shall fix, for the year succeeding, the salaries of said assistants or deputies." Ga. L. 1924, p. 91. It is alleged that, under the terms of the above acts, the County Commissioner of DeKalb County submitted to the grand jury on October 2 a letter fixing the salaries of the ordinary and her assistants, which involved pay raises for all personnel. These salary schedules were approved by the grand jury. A new county commissioner assumed office in DeKalb County in January, 1955. ·The county depository refused to pay the salaries as indicated on the new salary schedules, and the county commissioner instructed them not to do so. The ordinary then brought this petition for mandamus seeking to require the depository to pay the salaries with the adjustments for the month of January, 1955. General and special demurrers were filed by the defendant. A hearing was had in which the sworn petition and answer were introduced in evidence. The answer contended that the salaries had not been fixed in accordance with the terms of the above acts, because the county commissioner had not fixed the salary but had only recommended salary schedules to the grand jury; because the order fixing the salaries had not been entered on the minutes of the commissioner; and because the fixing had not been done within ninety days of the beginning of the third year of the term of the ordinary. After argument of counsel, the judge of the court below overruled the demurrers and entered judgment making the mandamus absolute. To this judgment the defendant excepted and has assigned the same as error to this court. *Held:*

1. There is no merit in the contention of the defendant that the letter of the commissioner, dated October 2, 1954, did not amount to a fixing of the salaries of the ordinary and her assistants but was merely a recommendation to the grand jury as to an amount to be fixed by them. The law provides that the county commissioner shall fix the salary schedules subject to the approval of the grand jury. The law does not provide the language the commissioner shall use in fixing the salaries, but simply makes it his duty to determine the amounts to be paid and that he convey this information to the grand jury for their approval. In the instant case, this is exactly what the commissioner did. The fact that he used the word "recommend" in his letter to the grand jury, rather than the word "fix," makes it no less a determination by the commissioner as to the amounts to be paid. The letter amounts to a fixing of the salaries of the ordinary and her assistants to the limit of the authority of the commissioner under the law.

2. It is next contended that the salary schedules are not legal for the reason they were not entered on the minutes of the county commissioner. Code § 23-1701 provides that all contracts entered into by the commissioner with other persons in behalf of the county shall be in writing and entered on his minutes. This section refers only to contracts, and the payment of salaries of county officials and employees is not con-

tractual within the provisions of this act. *Culberson* v. *Watkins,* 156 *Ga.* 185 (119 S. E. 319); *Tucker* v. *Shoemaker,* 149 *Ga.* 250 (99 S. E. 865); *Templeman* v. *Jeffries,* 172 *Ga.* 895 (159 S. E. 248). There is no merit in this contention.

3. The third contention of the plaintiff in error is that the salary schedule was not fixed within the time provided by law. It is clear that, in so far as the salary of the ordinary is concerned, it was not fixed within ninety days of the beginning of the third year of the term of the ordinary. In computing the time prescribed for the exercising of a privilege or the discharge of a duty, Code § 102-102 (8) provides that only the first or the last day shall be counted. One or the other, however, must be counted, and it is not intended that both may be left out of the computation, as is here attempted to be done by the defendant in error. If the number of days from October 2 to January 1 in any given year is computed in accordance with the above Code section, it will be found that it is a period of ninety-one days; and an action taken on October 2 can not be within ninety days of January 1. The portion of the salary schedule fixing the salaries of the ordinary's assistants was within the time provided by law, being at least ninety days before January 1, 1955. However, since this is a mandamus action seeking to require the depository to pay a fixed sum of $1,545, and since it appears that, for reasons stated above, the petitioner is not entitled to have that sum paid to her, it was error to overrule the general demurrer and to enter judgment making the mandamus absolute.

4. It is argued that the 1951 act, supra, is merely directory and not mandatory. We do not so construe the act. The county commissioner is not required to review and adjust the salary of the ordinary at all, but if he does so, he must do so within ninety days of the beginning of the third year of the term of the ordinary.

5. For reasons stated in division three above, the judgment of the court below was error.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who concurs in part and dissents in part.*

ARGUED JUNE 14, 1955—DECIDED JULY 12, 1955.

*Pierre Howard, George P. Dillard,* for plaintiff in error.
*Thomas O. Davis,* contra.

DUCKWORTH, Chief Justice, dissenting. I concur in the judgment of reversal as to the ordinary, and dissent as to the judgment of reversal with reference to her assistants.