### 43148. POLK COUNTY v. ANDERSON.

HALL, Judge. On this appeal by the defendant county from a judgment for the plaintiff rendered upon an agreed stipulation of facts, the defendant enumerates as error antecedent rulings by the court on its demurrers to the petition which alleged the following facts: The county board of commissioners of roads and revenues appointed the plaintiff as county administrator for a specified term of two years at a specified annual salary by a resolution adopted by majority vote at a special meeting of the board, in which the plaintiff's duties as county administrator were set out. Less than four months thereafter at a regular meeting the board by majority vote terminated the plaintiff's services. The plaintiff sued the county for the difference between the amount he would have received for the remaining term of his appointment and the sum he received as salary in other employment during this time.

1. The petition was not subject to demurrer on the ground that the county had immunity from suit on the cause of action set forth. *Decatur County v. Praytor, Howton & Wood Contr. Co.*, 163 Ga. 929, 935 (137 SE 247); *Washington County v. Sheppard,* 46 Ga. App. 240 (167 SE 339).

2. The petition shows that the plaintiff was a county officer, the board having appointed him in the exercise of its implied authority conferred upon it by the legislature to appoint an officer for a determinate term and salary to attend to the duties and business of the county. The law did not require that his appointment be made by a contract in writing entered upon the minutes. *Code* § 23-1701. *Templeman v. Jeffries,* 172 Ga. 895, 900 (159 SE 248); *Walker v. Stephens,* 175 Ga. 405 (165 SE 99); *First Nat. Bank of Atlanta v. Mann,* 211 Ga. 706, 707 (88 SE2d 361).

In the cases of *James v. Douglas County,* 131 Ga. 270 (62 SE 185); and *Murray County v. Pickering,* 42 Ga. App. 739 (157 SE 343), the claimant against the county had not been appointed as a county officer but was employed only for a specific transaction or service.

3. The statute requiring claims against counties to be presented within one year of their accrual (*Code* § 23-1602) does not apply to this action. *Stelling v. Richmond County,* 81 Ga. App. 571, 575 (59 SE2d 414).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

·Submitted October 3, 1967—Decided October 24, 1967.

Wayne W. Gammon, for appellant.
Henry A. Stewart, Sr., Charles C. Bunn, for appellee.