**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 27, 2017

# In the Court of Appeals of Georgia

A17A0386. HEISKELL et al. v. ROBERTS.

MCFADDEN, Presiding Judge.

This case stems from a dispute between a former state court judge and a county and its former sole commissioner about the judge's compensation. The county and commissioner (together, "the county") appeal a superior court order entered upon remand from our Supreme Court.

Before us are the trial court's rulings in favor of the former judge on cross motions for summary judgment on the county's claim for reimbursement of his salary supplement and two rulings in favor of the former judge on attorney fees. As to the salary supplement, we affirm because the county has not shown that the supplement was paid with a total absence or want of power. Consequently we also affirm the award of attorney fees to the former judge under the rule that when "an official, acting

in his official capacity, is required to hire outside counsel to assert a legal position the local government attorney . . . will not assert, and the official is successful in asserting his or her position, the local government must pay the official's attorney fees." *Gwinnett County v. Yates*, 265 Ga. 504, 508 (2) (458 SE2d 791) (1995). And we also affirm, as supported by sufficient evidence, the amount of OCGA § 9-15-14 (a) attorney fees awarded to the former judge for defending against the counterclaims the Supreme Court found to be frivolous.

The former judge, Bruce Roberts, filed suit against Walker County and its sole commissioner at the relevant time, Bebe Heiskell, claiming that, because the county paid him a smaller supplement than his predecessor, it underpaid him for the 15 months that he served as judge of the State Court of Walker County. The county denied that it had underpaid him, denied Roberts's request to pay his legal fees in connection with the case, and filed counterclaims alleging, among other things, that it actually had overpaid Roberts and was entitled to reimbursement for the overpayments. On cross-motions for summary judgment, the trial court granted Roberts's claim for mandamus and ordered the county to pay him $78,878.55 in unpaid salary; dismissed the counterclaims as barred by judicial immunity; and ordered it to pay Roberts's attorney fees.

2

In *Heiskell v. Roberts*, 295 Ga. 795 (764 SE2d 368) (2014) ("*Heiskell 1*"), our Supreme Court held that the trial court erred in granting summary judgment on the mandamus claim to Roberts instead of to the county, in dismissing the county's counterclaim for reimbursement, and in granting attorney fees to Roberts based on these erroneous rulings. The court further held that the county's other counterclaims "totally lacked legal justification," id. at 803 (4) (b), and that the trial court correctly dismissed them and correctly ruled that the county could be required to pay attorney fees to Roberts under OCGA § 9-15-14 for defending against those claims. Based on these holdings, the Supreme Court affirmed in part, reversed in part, and remanded the case for the entry of a more limited attorney fees award and to allow the county the opportunity to pursue its counterclaim for reimbursement.

On remand, the trial court granted summary judgment to Roberts and denied summary judgment to the county on its counterclaim for reimbursement, ruled that Roberts is entitled to attorney fees in an amount to be determined for defending that counterclaim, and entered a new attorney fees award in Roberts's favor under OCGA § 9-15-14 for defending against the frivolous counterclaims. The county now appeals.

We find that the trial court correctly granted Roberts summary judgment on the reimbursement counterclaim because the county has not shown that the payment of

3

Roberts's salary supplement was done with a total absence or want of power. And because Roberts successfully asserted his position on this claim, the trial court did not err in finding that Roberts is entitled to attorney fees for defending against this counterclaim. Finally, as evidence supports the amount of the award of OCGA § 9-15-14 (a) attorney fees to Roberts for defending against the counterclaims the Supreme Court found to be frivolous, we affirm that award.

1. *Relevant facts.*

According to our Supreme Court, these are the relevant facts:

> In 2010, Judge C. Donald Peppers, Sr., of the State Court of Walker County was reelected to a four-year term of office that started on January 1, 2011. Effective June 30, 2011, Judge Peppers retired after 26 years in office; at the time he retired, he was allegedly making $172,102.80 per year, although a portion of his salary was reimbursed by Catoosa County for his service as a part-time judge in that neighboring county. On September 16, 2011, Governor Nathan Deal announced that he would appoint Bruce Roberts to fill the vacancy.

> On September 30, 2011, Roberts met with Bebe Heiskell, Walker County's sole commissioner. Heiskell informed Roberts that the base salary for the state court judge position was $60,000 per year, see Ga. L. 1994, p. 3726, § 1, but she allegedly offered to pay him at the rate of $100,000 per year, slightly more than the $94,000 that he was making in his previous job. Roberts requested $110,000, but Heiskell declined,

4

citing budget constraints. Roberts was sworn into office on October 3, 2011. He stood for election in the next nonpartisan general election in July 2012, but he lost, meaning that his term of office would end on the last day of 2012. During the period following his defeat, Roberts dismissed about 60 traffic cases. The county paid Roberts at an annualized rate of $100,000 for the 15-month period that he held office.

On October 25, 2012, Roberts filed a complaint for mandamus and other relief against Commissioner Heiskell (in her official capacity) and Walker County. Roberts sought to recover the difference between what he was being paid and what Judge Peppers would have been paid for the same period based on the provision of Art. VI, Sec. VII, Para. V of the Georgia Constitution of 1983 that says: "An incumbent's salary, allowance, or supplement shall not be decreased during the incumbent's term of office." Roberts also asked for the county to provide him with legal representation, but the county did not do so. Appellants filed an answer and counterclaims for breach of contract, "intentional infliction of monetary damages," and intentional infliction of emotional distress, all based on Roberts's dismissal of the traffic cases. Appellants later added a counterclaim seeking reimbursement of all salary paid to Roberts at an annualized rate greater than $60,000; the alleged overpayments totaled about $50,000.

Roberts filed a motion for summary judgment, and Appellants filed a cross-motion for partial summary judgment. After a hearing, the trial court entered an order on October 30, 2013, granting Roberts's mandamus claim and directing Commissioner Heiskell to pay him

5

$78,878.55 from county funds for "salary due and unpaid," dismissing Appellants' counterclaims as barred by judicial immunity, and requiring Appellants to pay Roberts's attorney fees based in part on *Gwinnett County v. Yates*, 265 Ga. 504 (458 SE2d 791) (1995), and in part on OCGA § 9-15-14.[1] The court also dismissed Walker County as a defendant with respect to Roberts's mandamus claim, but left the county as a defendant on Roberts's claim for attorney fees based on Appellants' counterclaims.

*Heiskell*, 295 Ga. at 796-797 (1) (footnotes omitted).

As described above, the Supreme Court affirmed the trial court's decision in part, reversed it in part, and remanded the case for further proceedings. On remand, the trial court awarded Roberts $30,800 in attorney fees and $772.24 in expenses under OCGA § 9-15-14 for defending against the frivolous counterclaims. The trial court granted summary judgment to Roberts on the reimbursement counterclaim and ruled that he is entitled to attorney fees for defending that claim in an amount to be determined. This appeal followed.

2. *Counterclaim for reimbursement.*

a. *Roberts is entitled to summary judgment.*

The county argues that the trial court erred in granting Roberts's motion for summary judgment on the counterclaim for reimbursement and denying its motion,

because the salary supplement was not properly approved and documented. Thus, it reasons, the salary supplement was not authorized and Roberts must pay it back. We disagree.

"On cross-motions for summary judgment, each party must show there is no genuine issue of material fact . . . and that each, respectively, is entitled to summary judgment [as a matter of law]; either party, to prevail by summary judgment, must bear its burden of proof." *Morgan Enterprises v. Gordon Gillett Business Realty*, 196 Ga. App. 112 (395 SE2d 303) (1990). See also OCGA § 9-11-56.

On remand, the trial court held that Roberts's salary was "not contractual and thus not required to be on the minutes" and further that "it is on said minutes and budget for 2011 and 2012." . The record contains the county budgets for those years, which list a single line item for the state court and the minutes reflecting adoption of those budgets. Those bulk line items included the salaries of both the judge and the judge's secretary and the supplement to the judge's salary. The county contends that, because those budget entries are each a single line item for all of the operations of the state court for the year, they are insufficient as to the judge's supplement.

We agree with the county that the trial court erred in holding that Roberts's salary was "not required to be on the minutes," as that holding is inconsistent with what our Supreme Court wrote in *Heiskell I*:

> Other than holding that the reimbursement counterclaim is not barred by judicial immunity, we express no opinion on the merits of the claim. We note, however, that the claim may depend at least in part on whether the annualized $40,000 supplement paid to Roberts above the $60,000 base salary established by local law was properly approved and documented in a budget or other county ordinance. … [B]ut even in a county with a sole commissioner form of government, ordinances must be put in writing and filed in the official records of the commissioner in order to be effective.

*Heiskell*, 295 Ga. at 802 (3) (b) n. 5.

But the county has failed to show that the trial court erred in holding the entry on the "minutes and budget for 2011 and 2012" sufficient to defeat the county's claim for reimbursement. Antecedent to the county's challenge to the sufficiency of that entry is the question of the standard by which its sufficiency is to be measured. The county has failed to provide a persuasive answer.

A statute authorizes "[t]he county governing authority" to supplement the judge's compensation." OCGA § 15-7-22. And local legislation, which is set out in

8

the margin, sets the judge's base salary. Ga. L. 1994, p. 3726-3727, § 1.[1] Neither

provision mandates a procedure for deciding to pay a supplement.

The county cites OCGA§ 36-10-1, which requires counties' contracts to be in

writing and entered on minutes. But the trial court correctly rejected that argument.

"[T]he payment of salaries of county officials and employees is not contractual within

the provisions of this act." *First Natl. Bank v. Mann*, 211 Ga. 706 (88 SE2d 361)

(1955) (construing the prior codification of the statute, Ga. Code Ann. § 23–1701);

---

[1]An Act creating the State Court of Walker County, approved March 5, 1957 (Ga. L. 1957, p. 2561), as amended, particularly by an Act approved March 20, 1986 (Ga. L. 1986, p. 4144), and particularly by an Act approved March 31, 1987 (Ga. L. 1987, p. 5111), is amended by striking Section 3 in its entirety and substituting in lieu thereof a new Section 3 to read as follows:

"Section 3. (a) There shall be a full-time judge of the State Court of Walker County who shall be elected for a four-year term as provided by Code Section 15-7-20 of the OCGA. In the event a vacancy occurs in the office of said judge for any reason, such vacancy shall be filled as provided in Code Section 15-7-23 of the OCGA.
(b) The judge of said state court shall receive a salary of $60,000.00 per annum. Such salary shall be paid in equal monthly installments from the funds of Walker County.
(c) In addition to the secretary appointed by the solicitor pursuant to Section 10.1 of this Act, the judge shall have the authority to appoint a secretary who shall serve at the pleasure of the judge and shall perform such duties as may be prescribed by the judge. Such secretary shall be compensated from the funds of Walker County in the amount of $15,500.00 per year, payable in equal monthly installments."

*Deason v. DeKalb County*, 222 Ga. 63, 66 (1) (148 SE2d 414) (1966) (same). *Mann* involved the salary of a probate judge.

The county also cites the Open Meetings Act, OCGA §§ 50-14-1 to 50-14-6. We assume, without holding, that the decision to pay Roberts a supplement was taken in violation of the Open Meetings Act. See OCGA § 50-14-1 (b) (2), 50-14-3. But it does not follow that the county is entitled to reimbursement.

The Act specifies remedies for a violation. One of those remedies does provide that any "official action" taken in violation of it "shall not be binding." OCGA § 50-14-1 (b) (2). See also OCGA § 50-14-5 (a) ("The superior courts of this state shall have jurisdiction to enforce compliance with the provisions of this chapter. . . ."); OCGA § 50-14-6 (providing for a civil penalty for a negligent violation of the Act and for a criminal fine for a knowing and willful violation).

But there is a very short limitation period associated with the shall-not-be-binding remedy. The next sentence provides,

> Any action contesting a resolution, rule, regulation, ordinance, or other formal action of an agency based on an alleged violation of this provision shall be commenced within 90 days of the date such contested action was taken or, if the meeting was held in a manner not permitted by law, within 90 days from the date the party alleging the violation knew or should have known about the alleged violation so long as such

10

date is not more than six months after the date the contested action was taken.

OCGA § 50-14-1 (b) (2). We have held that the statute's shall-not-be-binding language is limited by the limitation period in the following sentence. *Guthrie v. Dalton City School Dist.*, 213 Ga. App. 849 (446 SE2d 526) (1994) (defendant school board could not void settlement agreement it entered in violation of Open Meetings Act, because it did not assert a violation of the Act within the 90 days allowed by OCGA § 50-14-1 (b)). The county's answer and counterclaim were filed in December 2012, well outside the limitation period set out at OCGA § 50-14-1 (b) (2). So the Open Meetings Act is not controlling on the issue of whether the county can recoup Roberts's salary supplement.

There is, however, an important "distinction between a municipality's [or a county's] ultra vires acts — acts done with the total absence or want of power— and the irregular exercise of a granted power. . . ." *City of Baldwin v. Woodard & Curran,* 293 Ga. 19, 26 (2) (c) (743 SE2d 381) (2013) (citation and punctuation omitted). As to acts done with the total absence or want of power, Georgia has adopted "[a] strict rule of absolute nullity." Id. at 25 (2) (a), citing *H.G. Brown Family, L.P. v. City of Villa Rica*, 278 Ga. 819, 822 (2) (607 SE2d 883) (2005) (citing R. Perry Sentell, Jr.,

11

*Studies in Local Government Law* 545 (3rd ed. 1977)). But a "mere procedural irregularity in the exercise of lawful authority" does not necessarily render an act absolutely void. *City of Baldwin*, 293 Ga. at 24 (2) (a), 27 (2) (c).

As to whether an act was done with the total absence or want of power, our cases look to the statutes and ordinances empowering local governments and officials. In *Mann,* supra, our Supreme Court analyzed local legislation dividing the responsibility to set the probate judge's salary between the county commission and a grand jury. In *H.G. Brown,* 278 Ga. at 820, our Supreme Court explained that "the [c]ity's charter, enacted by the General Assembly, sets forth the parameters of the [c]ity's authority to take official action, including its ability to enter into contracts." Id. at 820 (1) (citation omitted). In *City of Baldwin*, 293 Ga. at 19, our Supreme Court analyzed the city's charter.

In the case before us the county has identified no local legislation, charter, or other law that supports the proposition that the county's payment of a supplement to Roberts was done with the total absence or want of power. For these reasons, the trial court did not err in granting Roberts's motion for summary judgment and denying the county's motion for summary judgment on the reimbursement counterclaim.

*b. Voluntary payment doctrine.*

Even if Roberts were not entitled to summary judgment on the reimbursement counterclaim, the county would not be entitled to summary judgment either. "The party seeking to recover payments made *bears the burden* of showing that the voluntary payment doctrine does not apply." *Montgomery County v. Sharpe*, 261 Ga. App. 389, 390 (582 SE2d 545) (2003) (citation omitted; emphasis added) (county was precluded from recovering payments from tax commissioner because payments were nothing but a mistake of law). The county has not satisfied that burden.

3. *Roberts's entitlement to attorney fees on the counterclaim for reimbursement.*

The county argues that Roberts is not entitled to fees for defending against the reimbursement counterclaim because he was unsuccessful in pursuing his principal claim, the claim for mandamus. We disagree.

When "an official, acting in his official capacity, is required to hire outside counsel to assert a legal position the local government attorney cannot (because of a conflict in representing the local government) or will not assert, and the official is successful in asserting his or her position, the local government must pay the official's attorney fees." *Gwinnett County v. Yates*, 265 Ga. 504, 508 (2) (458 SE2d

13

791) (1995). An "official's entitlement to attorney fees depends on his success in asserting his position in court," *Heiskell*, 295 Ga. at 803 (4) (b), and fees may be awarded even if he is not successful in obtaining all the relief requested. *Jennings v. McIntosh County Bd. of Commrs.*, 276 Ga. 842, 847 (583 SE2d 839) (2003) (citations omitted) (magistrate judge's suit seeking back pay, return to position as clerk of court, and attorney fees and costs). As Roberts was entirely successful in defending against the reimbursement counterclaim, the trial court did not err in ruling that he is entitled to fees.

4. *The attorney fees award for defending the frivolous counterclaims*.

The county argues that the trial court erred in awarding Roberts $31,572.24 in OCGA § 9-15-14 (a) attorney fees and expenses because the award included fees incurred for work other than defending the frivolous counterclaims. They specify that the attorney's time sheet introduced into evidence at the post-remand hearing included several entries for work related to the mandamus claim and the reimbursement counterclaim. They argue that these charges included time spent in reviewing their answer and all of their counterclaims, not just the three out of four the Supreme Court found to be frivolous; answering interrogatories related to the mandamus claim; and a general review of the case.

14

As the trial court awarded Roberts attorney fees under OCGA § 9-15-14 (a), we must affirm the award if there is any evidence to support it. *Haggard v. Bd. of Regents*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987). Under OCGA § 9-15-14 (d), "[a]ttorney's fees and expenses of litigation awarded under this Code section shall not exceed amounts which are reasonable and necessary for defending or asserting the rights of a party." We have held that this language "imposes an affirmative duty upon the trial court to hear evidence and allow the cross-examination of counsel as to the necessity, reasonableness, and amount of work done by counsel by the opposite party prior to the imposition of an award." *Hallman v. Emory Univ.*, 225 Ga. App. 247, 252 (4) (483 SE2d 362) (1997). But "[t]he trial court need not cite specific testimony, argument of counsel, or any other specific factual reference in its order awarding fees under OCGA § 9-15-14; it is only required to specify the conduct upon which the award is made." *Cohen v. Rogers*, __ Ga. App. __, __ (2) (b) (798 SE2d 701) (Case No. A16A1858, decided March 16, 2017) (citation and punctuation omitted).

Applying those standards here, we conclude that "sufficient proof of the actual costs and the reasonableness of those costs" supports the award. *Hindu Temple & Community Center of the High Desert v. Raghunathan*, 311 Ga. App. 109, 117-118

15

(3) (714 SE2d 628) (2011). Our Supreme Court affirmed the trial court's determination that Roberts was entitled to fees under OCGA § 9-15-14 (a), but directed the trial court to "enter an award based solely on Roberts's reasonable attorney fees and litigation expenses incurred in defending against the . . . three counterclaims" other than the counterclaim for reimbursement. *Heiskell*, 295 Ga. at 803 (4) (b). On remand, the trial court conducted a hearing at which counsel testified and was subject to cross-examination. Counsel introduced evidence in support of the claim. The court entered an order that made findings supported by the evidence, allocating fees between the frivolous counterclaims and the counterclaim for reimbursement.

"[T]he goal in shifting attorney fees is to do rough justice, not to achieve auditing perfection." *Cohen*, __ Ga. App. at __ (2) (b). As evidence supports the award of fees and costs under OCGA § 9-15-14 (a), we must affirm the award. *Haggard*, 257 Ga. at 527 (4) (c).

*Judgment affirmed. Branch and Bethel, JJ., concur*.

16