**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 5, 2018**

# In the Court of Appeals of Georgia

A17A2125. TANNER MEDICAL CENTER, INC. d/b/a TANNER MEDICAL CENTER - VILLA RICA et al. v. VEST NEWNAN, LLC d/b/a NEWNAN BEHAVIORAL HOSPITAL et al.

BRANCH, Judge.

This is the second appearance of this certificate-of-need case before this Court. In *Tanner Med. Center v. Vest Newnan, LLC*, 337 Ga. App. 884 (789 SE2d 258) (2016), we reversed the superior court and affirmed the Department of Community Health's denial of a certificate of need to Vest Newnan, LLC (Vest), which had proposed to establish an inpatient psychiatric hospital in Coweta County. Id. at 893 (3). On remand from our decision, appellants Tanner Medical Center (Tanner) and the Department moved for attorney fees under OCGA § 31-6-44.1 (c), which provides that "[a] party responding to an appeal to the superior court [from a final decision of

an administrative agency] shall be entitled to reasonable attorney's fees and costs if such party is the prevailing party of such appeal as decided by final order[.]" The superior court denied appellants' motion on the grounds that they had not prevailed in the superior court and that Vest's constitutional challenge to the Department's ruling exempted it from paying appellants' fees. On this second appeal, appellants argue that in light of this Court's reversal of the superior court's decision to grant Vest a certificate, they are indeed the "prevailing party" such that they are entitled to fees under OCGA § 31-6-44.1 (c). We agree and once again reverse.

This appeal concerns the superior court's interpretation of a statute, OCGA § 31-6-44.1 (c), which we review de novo. *Lakeview Behavioral Health System v. UHS Peachford, LP*, 321 Ga. App. 820, 822 (1) (743 SE2d 492) (2013) (applying de novo review to a superior court's interpretation of OCGA § 31-6-44.1 (c)). The undisputed facts show that in August 2013, Vest submitted an application to the Department for a certificate of need to establish a 60-bed psychiatric hospital in Coweta County. In December 2013, the Department denied the certificate on the grounds that Vest had shown neither a service-specific need nor that existing programs would not be adversely impacted and that the project was not reasonably consistent with the goals and objectives of the State Health Plan. Vest then filed an appeal to the superior

court, including a challenge to the constitutionality of the so-called "service-specific need rule,"[1] which requires an applicant for a new or expanded psychiatric or substance abuse inpatient program to demonstrate that there is a need for the proposed service in the planning area. The superior court reversed the Department's denial of the certificate on the grounds that the service-specific need rule was unconstitutional on its face, and that the Department had been arbitrary and capricious in not taking any notes during its review of Vest's application, in not performing any need or adverse impact analysis, and in failing to give Vest notice that construction costs were material to its application. *Tanner*, 337 Ga. App. at 886-887.

We granted appellants' applications for discretionary review of the superior court's decision. Shortly after the docketing of the discretionary appeal, appellants moved this Court to award them attorney fees "subsequent to reversing or vacating"

---

[1] See, e.g., Ga. Comp. R. & Regs. 111-2-2-.26 (3) (a) ("An application for a new or expanded psychiatric and/or substance abuse inpatient program(s) *shall provide sufficient documentation of the need for such program(s) in the planning area*. In the case of an application for an expanded psychiatric and/or substance abuse inpatient program, the applicant shall justify the need for the expansion by, at a minimum, documenting that the expansion program has achieved an occupancy rate of 80 percent for an adult program or an occupancy rate of 70 percent for a pediatric program for the most recent 12 months prior to submitting an application, except that a pediatric program which has obtained an occupancy rate of 65 percent may be permitted to expand if such program demonstrates clinical reasons why 70 percent occupancy is not attainable.") (Emphasis supplied).

the superior court. On July 12, 2016, we issued our decision, concluding (inter alia) that the Department had not acted in an arbitrary or capricious manner and that the evidence supported the Department's conclusion that Vest "did not meet its burden of establishing no adverse impact on similar existing programs." *Tanner*, 337 Ga. App. at 889-893, (2) (3). Noting that this result mooted the question of the need rule's constitutionality, we reversed the superior court and affirmed the Department's decision to deny a certificate to Vest. Id. at 893-894 (3), (4). Two days later, on July 14, 2016, we denied Tanner's motion for attorney fees. We explained that OCGA § 31-6-44.1 (c) "governs *the trial court's authority* to award fees to the prevailing party following a final order, which, in light of this court's reversal in part of the trial court's judgment, will be issued following the return of the remittitur to the trial court." (Emphasis supplied.) None of the parties to these decisions sought review of any of them in the Supreme Court of Georgia.

On remand, and in accordance with this Court's judgment, the superior court issued an order stating that "[Vest's] Petition for Judicial Review [is] denied." Appellants then moved for attorney fees under OCGA § 31-6-44.1 (c). After a hearing, the superior court denied the motion on two grounds: (1) appellants were not the "prevailing parties before this Court" because OCGA § 31-6-44.1 (c) "does not

4

contemplate an award of attorney's fees through the appellate courts or after remitter"

[sic]; and (2) Vest's argument as to the unconstitutionality of the need rule "permeated" the Department's final decision to deny the certificate such that appellants could not recover any fees. This appeal followed.[2]

1. Tanner and the Department first assert that the trial court erred when it concluded that because they were not the "prevailing parties" in this matter, they were not entitled to attorney fees. We agree.

OCGA § 31-66-44.1 (c) provides:

(c) A party responding to an appeal [of an administrative agency's final decision] to the superior court *shall be entitled to reasonable attorney's fees and costs if such party is the prevailing party of such appeal as decided by final order*; provided, however, the department shall not be required to pay attorney's fees or costs. *This subsection shall not apply*

---

[2] Appellants filed an application for discretionary appeal, which was granted because it was properly a direct appeal, as no such application is required to appeal a post-judgment attorney fee award by the superior court unless that award is made pursuant to OCGA § 9-15-14. See *Kraft v. Dalton*, 249 Ga. App. 754, 755, n. 2 (549 SE2d 543) (2001) (no discretionary application is required to appeal a fee award made under OCGA § 13-6-11); OCGA § 5-6-35 (a) (10) (a discretionary application is required to appeal a fee award under OCGA § 9-15-14); OCGA § 5-6-35 (j) (when a direct appeal is initiated "by filing an otherwise timely application for permission to appeal pursuant to [the discretionary appeal procedure] without also filing a timely notice of appeal, the appellate court shall have jurisdiction to decide the case and shall grant the application").

5

*to the portion of attorney's fees accrued on behalf of a party responding to or bringing a challenge to the department's authority to enact a rule or regulation or the department's jurisdiction or another challenge that could not have been raised in the administrative proceeding.*

(Emphasis supplied.) And OCGA § 9-11-60 (h) provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."

The superior court's order on remand from this Court denied Vest's petition, thus establishing that appellants were the "prevailing parties" of the appeal to superior court "as decided by final order" of that court. OCGA § 31-66-44.1 (c). As our order of July 14, 2016 noted, moreover, it was for the trial court, and not this Court, to order attorney fees to appellants as the prevailing parties — a conclusion that became law of the case when neither party pursued any further appeal from this Court's decision to our Supreme Court. See *Fortson v. Hardwick*, 297 Ga. App. 603, 604-605 (1) (677 SE2d 784) (2009) (law-of-the-case doctrine applied to bar an action for bad-faith attorney fees when the Court of Appeals had "expressly" barred that action in a previous opinion). Our previous order also noted, consistent with the terms of OCGA § 31-6-44.1 (c), that a fee award in favor of appellants "*will* be issued

6

following the return of the remittitur to the trial court." (Emphasis supplied.) This holding too became law of the case, binding the superior court and the parties in all further proceedings, including this one, and the trial court erred when it concluded otherwise.

2. Appellants also argue that the superior court erred when it held that Vest's constitutional arguments "permeated" its petition such that no portion of appellants' fees could be recovered. Again, we agree.

Although OCGA § 31-6-44.1 (c) does bar the recovery of fees as to a "challenge to the department's authority to enact a rule or regulation or the department's jurisdiction or another challenge that could not have been raised in the administrative proceeding," our previous decision specifically affirmed the Department's denial of the certificate on grounds independent of Vest's constitutional challenge to the need rule, thus mooting those issues. *Tanner*, 337 Ga. App. at 894 (4). The statute also bars recovery only as to "the portion" of a challenge raising a constitutional issue. OCGA § 31-6-44.1 (c). Further, the evidence presented in support of appellants' motion for fees also specifically omitted the portion of fees incurred as a result of their constitutional challenge.

Given that appellants, having prevailed below, "shall be entitled to reasonable attorney's fees and costs" under OCGA § 31-6-44.1 (c), a hearing limited to the calculation of the specific amount of those fees and costs awaits the superior court on the second remand of this action. See *Heiskell v. Roberts*, 342 Ga. App. 109, 117 (4) (802 SE2d 385) (2017) (a trial court considering the issue of reasonable attorney fees under OCGA § 9-15-14 is under an "affirmative duty" to "hear evidence" and to "allow the cross-examination of counsel as to the necessity, reasonableness, and amount of work done" before imposing an award) (citation and punctuation omitted).

*Judgment reversed and case remanded with direction. McFadden, P. J., and Bethel, J., concur.*