**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 27, 2024**

# In the Court of Appeals of Georgia

A24A0424. GEORGIA DEPARTMENT OF COMMUNITY HEALTH v. HOUSTON HOSPITALS, INC.

A24A0425. COLISEUM MEDICAL CENTER, LLC v. HOUSTON HOSPITALS, INC.

A24A0662. COLISEUM MEDICAL CENTER, LLC v. THE MEDICAL CENTER OF PEACH COUNTY, INC.

A24A0664. GEORGIA DEPARTMENT OF COMMUNITY HEALTH v. MEDICAL CENTER OF PEACH COUNTY, INC. et al.

MCFADDEN, Presiding Judge.

These appeals challenge two separate superior court orders reversing the Georgia Department of Community Health's grant of a certificate of need allowing Coliseum Medical Center, LLC to build a freestanding emergency department. Because the superior courts correctly ruled that the Department had exceeded its authority in granting the certificate of need to Coliseum, we affirm their orders.

As detailed below, this is the second appearance of this matter before this court. See *Dept. of Community Health v. Houston Hosps.*, 365 Ga. App. 751 (880 SE2d 245) (2022).

1. *Background*

Coliseum applied to the Department for a certificate of need to build a freestanding emergency department in Houston County. The Department rendered an initial decision granting the application and issuing a certificate of need to Coliseum.

Several nearby hospitals, including Houston Hospitals, Inc. and the Medical Center of Peach County, Inc., appealed the decision to the Certificate of Need Appeal Panel, which is an independent agency. The Appeal Panel then assigned a hearing officer. After an evidentiary hearing, the hearing officer reversed the Department's initial decision and denied Coliseum's application for a certificate of need, finding, among other things, that there were numerous existing alternatives to the proposed freestanding emergency department and that the project would not have a positive relationship to the existing healthcare delivery system.

Coliseum and the Department then appealed to the Department's commissioner. The commissioner reversed the hearing officer's decision, modifying various findings of fact and granting the certificate of need to Coliseum.

Houston Hospitals sought judicial review of the commissioner's decision in the Houston County Superior Court, and the Medical Center sought judicial review in the Peach County Superior Court. Both superior courts reversed the commissioner's decision. Both courts held, among other things, that the commissioner exceeded his authority to review the hearing officer's findings of fact. In modifying the hearing officer's findings of fact, the superior courts held, the commissioner failed to comply with the statutory requirements that he state with particularity that such findings were not based on any competent substantial evidence.

This court granted discretionary review of the superior court orders, and the Department and Coliseum appealed. The cases were consolidated for our review, and we issued a decision. *Dept. of Community Health v. Houston Hosps.*, supra. In that decision, we held that

> the commissioner violated OCGA § 31-6-44 (k) (1) and exceeded the scope of his statutory authority by failing to find, with particularity, in his written order that any rejected or modified findings of fact by the hearing officer were unsupported by competent substantial evidence. He further

violated the same statute by repeatedly basing his rejection of the hearing officer's factual findings on the rejection of his legal conclusions.

Id. at 777 (V) (3). We vacated the superior court orders and remanded the cases with direction that both courts vacate the commissioner's decision and remand the case to the Department for further consideration of Coliseum's certificate of need application in a manner consistent with our opinion. Id. at 777-778 (V) (3), (VI).

On remand, the commissioner again reversed the hearing officer's decision and approved Coliseum's certificate of need request. Upon judicial review, both the Houston County Superior Court and the Peach County Superior Court reversed the commissioner's remand decision, holding that the commissioner had again failed to follow the statutory requirements concerning review of the hearing officer's findings of fact.

We granted applications for discretionary review of the two superior court orders, and these appeals followed. In Case Nos. A24A0424 and A24A0425, the Department and Coliseum, respectively, appeal from the Houston County order. And in Case Nos. A24A0662 and A24A0664, they appeal from the Peach County order.

*Case No. A24A0424*

2. *Modified findings of fact*

4

The Department contends that the Houston County Superior Court erred in determining that the commissioner had improperly modified the hearing officer's findings of fact. We disagree.

After our prior decision in this case, the Georgia Supreme Court issued its decision in *Vantage Cancer Centers of Ga. v. Dept. of Community Health*, 318 Ga. 361 (898 SE2d 462) (2024), explaining the commissioner's limited authority over a hearing officer's findings of fact in a contested certificate of need case.

> [W]hen a case is contested, it is the hearing officer, rather than the agency, that is tasked with evaluating the evidence. . . . In contested [certificate of need] cases, after the Department's staff makes its initial decision, see OCGA § 31-6-43 (b), the hearing officer conducts the full evidentiary hearing de novo, see OCGA § 31-6-44 (f), and OCGA § 31-6-44 (a) provides that the purpose of a panel of hearing officers shall be to serve as a panel of independent hearing officers to review the department's initial decision to grant or deny a certificate of need application. After the evidentiary hearing, the hearing officer, not the [c]ommissioner, evaluates the evidence and makes written findings of fact and conclusions of law. OCGA § 31-6-44 (i). . . . [T]he [c]ommissioner plays no role in the evidentiary hearing under OCGA § 31-6-44[.]

Id. at 372 (2) (b) (punctuation omitted).

The commissioner, however, reviews the hearing officer's decision on appeal, and in doing so, "OCGA § 31-6-44 (k) (1) requires the [c]ommissioner to accept the

5

hearing officer's findings of fact 'unless the commissioner first determines from a review of the entire record, and states with *particularity* in the order, that the findings of fact were not based upon any *competent substantial evidence*.'" *Vantage*, supra at 367 (2) (emphasis supplied). The term "competent substantial evidence"

> refer[s] to evidence that is relevant such that a reasonable mind might accept it as adequate to support a finding of fact, OCGA § 31-6-44.1 (a) (5), and that is admissible. Moreover, as the foregoing indicates, this standard is a deferential one that does not permit the [c]ommissioner to reweigh the evidence, judge the credibility of witnesses, or substitute his judgment on factual issues for that of the hearing officer based on the [c]ommissioner's expertise.

Id. at 373 (2) (b) (punctuation omitted). The "particularity" requirement means "that the [c]ommissioner must provide sufficient detail in his order from which a reviewing court can determine whether the [c]ommissioner has or has not improperly substituted his judgment for the findings of fact of the hearing officer." Id. at 374 (2) (c).

In this case, the commissioner fully adopted 15 of the hearing officer's findings of fact, but expressly modified 25 of his findings of fact. While the commissioner's order initially recited the appropriate standard for such modifications — that the findings of fact were not based upon any competent substantial evidence — the

6

commissioner did not apply the standard correctly. First, the commissioner did not find with particularity that the evidence cited by the hearing officer in support of his findings of fact was inadmissible and thus not competent. See *Vantage*, supra at 370 (2) (b) ("'competent in the phrase 'competent substantial evidence'. . . mean[s] substantial evidence that was admissible'").

Moreover, for each finding of fact that was modified, the commissioner recited the same reasoning that the finding was "unsupported by competent substantial evidence *on the basis that a review of the full evidentiary record reveals evidence supporting different findings, inferences, conclusions, or decisions*." (Emphasis supplied). The commissioner then cited different evidence in the record to make modified findings of fact, which included findings directly conflicting with findings in the hearing officer's order. For instance, the hearing officer relied on certain testimony and exhibits to find it "evident that service area residents already have abundant access to emergency services." Conversely, the commissioner cited different testimony to find that emergency services in the area "are not necessarily right sized for the community" and "the record supports a determination that existing [emergency

7

departments] in the area are not providing sufficient access to emergency care services."

But contrary to the commissioner's rationale, the presence in the record of other evidence supporting different findings was not a proper basis for the commissioner to reject or modify findings of fact made by the hearing officer. Rather, "the [c]ommissioner [was required] to give deference to the hearing officer's findings of fact" and "there is nothing in the limited power of review granted to the [c]ommissioner by OCGA § 31-6-44 (k) (1) that permits the [c]ommissioner to independently evaluate the evidence before the hearing officer[.]" *Vantage*, supra at 373 (2) (b). See also *Adefemi v. Ashcroft*, 386 F3d 1022, 1029 (II) (11th Cir. 2004) (explaining that a review of factual findings under the substantial evidence standard is highly deferential and involves consideration only of whether there was substantial evidence for the findings made, not whether there was substantial evidence for some other findings that could have been made). As set out above, the commissioner could only modify a finding of fact if it was not supported by competent substantial evidence, meaning admissible "evidence that [was] relevant such that a reasonable mind might accept it as adequate to support [that] finding of fact[.]" *Vantage*, supra

at 373 (2) (b) (punctuation omitted). Instead of making such determinations as to each finding of fact that was modified or contradicted, the commissioner independently evaluated and reweighed the evidence and "improperly substituted [the commissioner's] judgment for the findings of fact of the hearing officer." Id. at 374 (2) (c).

The Department cites *Cartersville Med. Center v. Floyd Healthcare Mgmt.*, 365 Ga. App. 741 (880 SE2d 267) (2022) for the proposition that "[n]othing in OCGA § 31-6-44 (k) (1) precludes the commissioner from considering additional, undisputed facts that do not conflict with the hearing officer's factual findings." Id. at 747. Pretermitting whether this proposition now conflicts with *Vantage*, the commissioner in this case did not merely consider undisputed facts that were not in conflict with the hearing officer's factual findings; rather, the commissioner relied on other evidence in the record to modify the hearing officer's findings on disputed questions of fact. We thus affirm the superior court's ruling that "the [c]ommissioner committed reversible error by failing to follow [the] statutory mandate to evaluate and state with particularity whether the hearing officer's findings of fact were supported by any competent substantial evidence[ under] OCGA § 31-6-44 (k) (1)."

### 3. *Positive relationship*

The Department contends that the superior court erred in its review of the commissioner's finding that the proposed freestanding emergency department would have a positive relationship to the existing healthcare delivery system in the area. See OCGA § 31-6-42 (a) (8) (instructing the Department to consider whether "[t]he proposed new institutional health service has a positive relationship to the existing health care delivery system in the service area"). But the positive relationship issue was addressed and decided adversely to the Department in the prior appeal of this case, so it is the law of the case. In that previous appeal, we held:

> As to Coliseum's proposed [freestanding emergency department's] impact on the existing healthcare system, Coliseum even projected that if its [project] were approved, [Houston] would lose 10%, Perry would lose 8.2%, and Peach would lose 7.1% of their respective 2019 emergency department visits. Further, Peach was particularly financially vulnerable and is not in the position to absorb the losses that would result from Coliseum's proposed project, as it already operated at a loss of -$1.5 million in 2018. Additionally, expert testimony established that lost emergency room visits alone would cause Peach to lose roughly $2.7 million. Under these circumstances, not only would the proposed [free standing emergency department] lack a positive relationship with the existing healthcare delivery system, it could financially devastate at least one of the area hospitals.

*Dept. of Community Health*, supra at 777 (V) (3).

On remand, the commissioner ignored our ruling and reversed the hearing officer's conclusion that the project would not have a positive relationship to the existing healthcare delivery system. That was error. "[U]nder the law of the case rule, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals, as the case may be." *I. A. Group, Ltd. Co. v. RMNANDCO, Inc.*, 346 Ga. App. 396, 403 (2) (816 SE2d 359) (2018) (citation, punctuation, and emphasis omitted). See OCGA § 9-11-60 (h). Consequently, the superior court and the parties are bound by our prior decision on the positive relationship issue "because it is the law of the case." *I. A. Group, Ltd. Co.* supra at 404 (2). See *Tanner Med. Center v. Vest Newnan, LLC*, 344 Ga. App. 901, 904 (1) (811 SE2d 527)(2018) (in certificate of need case, holding that a prior order from this court "became law of the case, binding the superior court and parties in all further proceedings").

*Case No. A24A0425*

4. *Consolidation*

Coliseum claims that the Houston County Superior Court improperly consolidated Houston's appeal of the commissioner's remand order with its appeal

of the commissioner's first order. But Coliseum did not object to the court's consolidation order and participated in the procedure. "A party cannot acquiesce in a procedure by a trial court and then complain of it. Failure to object to the procedure amounts to a waiver." *Gnam v. Livingston*, 353 Ga. App. 701, 703 (2) (839 SE2d 200) (2020) (citation and punctuation omitted). See generally *Focus Entertainment Intl. v. Partridge Greene*, 253 Ga. App. 121, 124 (1) (558 SE2d 440) (2001) (involving waiver of objection to consolidation of interlocutory hearing into a final hearing on merits of the case).

5. *Additional findings*

Like the Department, Coliseum relies on *Cartersville Med. C*enter, supra, to argue that the commissioner merely made additional findings of fact and did not reject or modify any of the hearing officer's findings. As discussed above, the argument is without merit. The plain language of the commissioner's order expressly stated that the commissioner had modified the hearing officer's factual findings based on the commissioner's consideration of other evidence in the record.

6. *Positive relationship*

In several enumerations, Coliseum challenges the superior court's review of the commissioner's finding that the proposed freestanding emergency department would have a positive relationship to the existing healthcare delivery system in the area. But as explained above, that issue was resolved in the prior appeal, is the law of the case, and is therefore binding in all subsequent proceedings in the case in the lower court and this court. See *I. A. Group, Ltd. Co.*, supra.

7. *Prejudice*

Coliseum contends that the superior court erred in finding that Houston's substantial rights were prejudiced by the commissioner's decision. But OCGA § 31-6-44.1 (a) provides that the court may reverse the commissioner's final Department decision "if substantial rights of the appellant have been prejudiced because . . . the administrative findings, inferences, and conclusions contained in the final decision are: (1) In violation of constitutional or statutory provisions; [or] (2) In excess of the statutory authority of the department[.]" As explained above, the commissioner violated OCGA § 31-6-44 (k) (1) and exceeded the scope of such statutory authority in the final order by failing to find with particularity that the rejected or modified findings of fact by the hearing officer were unsupported by any competent substantial

evidence. Thus, the court did not err in concluding that the commissioner's final decision, premised on the modified findings of fact made in excess of the commissioner's statutory authority, prejudiced Houston's substantial rights. Compare *Cartersville Med. Center*, supra at 747 (commissioner did not improperly modify hearing officer's findings of fact, but even if he had, such modification did not impact the final decision or prejudice the appellant).

8. *Remand*

Coliseum claims that the superior court erred in reversing the commissioner's decision without remanding the case to the commissioner for further consideration. But as we previously held, because "the commissioner violated the plain language of OCGA § 31-6-44 (k) (1) and exceeded the scope of [the commissioner's] authority . . . the trial court was authorized under OCGA § 31-6-44.1 (a) to reverse the Department's final decision to grant the [certificate of need] to Coliseum on this basis." *Dept. of Community Health*, supra at 768 (V) (1) (citations omitted). See OCGA § 31-6-44.1 (a) (the court may reverse the Department's final decision "if substantial rights of the appellant have been prejudiced"). Accord OCGA § 50-13-19 (h) (court

may reverse agency decision where substantial rights of the appellant have been prejudiced).

*Case Nos. A24A0662 and A24A0664*

9. *Peach County order*

The Peach County Superior Court, like the Houston County court, found that the commissioner's modification of the hearing officer's findings of fact violated OCGA § 31-6-44 (k) (1) because the commissioner failed to state with particularity that the hearing officer's findings of fact were not based upon any competent substantial evidence; instead the commissioner reweighed the evidence, made credibility determinations, and substituted different findings of fact based on different evidence in the record. On appeal, the Department and Coliseum raise substantially the same arguments as those made in challenging the Houston County order. As explained above, those challenges are without merit and we thus affirm the Peach County order.

10. *Other arguments*

Given our holdings above, we need not address any additional arguments or claims of error made by the appellants.

11. *Disposition*

Given those holdings, we affirm the judgments of the superior courts denying the certificates of need. We decline to once again vacate those orders and remand the cases with direction that the commissioner be given a third opportunity to review the hearing officer's decision. The dissent reasons that before *Vantage*, the term "competent substantial evidence" and the particularity requirement had not been defined by our Supreme Court, so the commissioner should be allowed a chance to apply these new standards.

It is true that prior to *Vantage* the law regarding the commissioner's review of a hearing officer's decision in a certificate of need case was in need of clarification. See *Northside Hosp. v. Northeast Ga. Med. Ctr.*, 365 Ga. App. 778 (880 SE2d 286) (2022) (opinion by Markle, J., Mercier, J., concurring, Dillard, P.J., dissenting), cert. granted (July 13, 2023), vacated sub nom. *Vantage,* supra; *Dept. of Community Health*, supra (opinion by Dillard, P.J., Mercier and Markle, JJ., concuring in judgment only); *Cartersville Med. Ctr. v. Floyd Healthcare Mgmt.*, 365 Ga. App. 741 (880 SE2d 267) (2022) (opinion by Mercier, J., Markle, J., concuring, Dillard, P. J., concuring specially).

But the definition of "competent substantial evidence" set forth in *Vantage* is the same definition that this court enunciated and instructed the commissioner to apply on remand in the earlier appeal of this case. As this court explained:

> [T]he phrase "competent substantial evidence" is a term of art with a specific meaning. Indeed, "substantial evidence"— which is a portion of the statutory phrase at issue — is defined in the [Certificate of Need] Act; and OCGA § 31-6-44.1 (a) (5) explains that a finding of fact is not supported by substantial evidence when the record does not contain such relevant evidence as *a reasonable mind might accept as adequate to support such findings, inferences*, conclusions, or decisions, which such evidentiary standard shall be in excess of the "any evidence" standard contained in other statutory provisions. . . . Additionally, although not defined in the [Certificate of Need] Act, our Supreme Court has explained — in another context — that "*competent evidence is that which is admissible*." Thus, regardless of the specific language used in his decision, the commissioner must substantively establish that he applied this statutorily required standard. This statutory directive is not about using magic words; it is about satisfying an explicit evidentiary requirement. So, before rejecting or modifying a hearing officer's findings of fact, the commissioner must first determine with particularity that those findings of fact are not supported by "competent substantial evidence," which is the only way for him to demonstrate that he faithfully applied the statutorily imposed evidentiary standard. Importantly, OCGA § 31-6-44 (k) (1) expressly requires that the commissioner not only state this requisite finding, but to do so with particularity in writing.

*Dept. of Community Health*, supra at 785-766 (V) (1)(punctuation omitted) (emphasis added).

More fundamentally, regardless of our Supreme Court's decision in *Vantage,* our earlier decision in this case is the law of the case. Certiorari was not granted in this case. So our earlier decision in this case was final. What has now been confirmed by the Supreme Court as the correct definition of "competent substantial evidence" was already the law of this case and the commissioner was obligated to follow it on remand. See OCGA § 9-11-60(h).

As for the particularity requirement, while we did not define it in our prior opinion, we did clearly instruct the commissioner to state with particularity why any rejected or modified findings of fact were not supported by competent substantial evidence. Moreover, the requirement as explained in *Vantage* was met in this case since the commissioner's remand order did in fact contain sufficient detail to allow the reviewing courts — both superior courts and this court — to determine that the commissioner's judgment was improperly substituted for the findings of fact of the hearing officer. See *Vantage*, supra at 374 (2) (c). So the particularity requirement also provides no grounds for giving the commissioner a third review of the hearing officer's findings.

*Judgments affirmed. Mercier, C. J., concurs and Rickman, J., dissents.*

A24A0424.   GEORGIA DEPARTMENT OF COMMUNITY

HEALTH v. HOUSTON HOSPITALS, INC.


A24A0425. COLISEUM MEDICAL CENTER, LLC v. HOUSTON

HOSPITALS, INC.


A24A0662.  COLISEUM MEDICAL CENTER, LLC v. THE

MEDICAL CENTER OF PEACH COUNTY, INC.


A24A0664.  GEORGIA DEPARTMENT OF COMMUNITY

HEALTH v. MEDICAL CENTER OF PEACH COUNTY, INC. et

al.

RICKMAN, Judge dissenting.

Because we should vacate the superior court's orders and remand this case for further consideration of Coliseum's certificate of need application in light of the new direction given by our Supreme Court in *Vantage Cancer Centers of Ga. v. Dept. of Community Health*, 318 Ga. App. 361 (898 SE2d 462)(2024), I respectfully dissent.

The majority opinion points out that after our prior decision in this case, the Supreme Court of Georgia issued its decision in *Vantage*, for the first time fully defining the requirements set forth in OCGA § 31-6-44 (k) (1).[1] See *Vantage*, 318 Ga. App. at 372 (2) (b). The *Vantage* court stated that in contested certificate of need

---

[1] "In the event an appeal of the hearing officer's decision is filed, the commissioner may adopt the hearing officer's order as the final order of the department or the commissioner may reject or modify the conclusions of law over which the department has substantive jurisdiction and the interpretation of administrative rules over which it has substantive jurisdiction. By rejecting or modifying such conclusion of law or interpretation of administrative rule, the department must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact. The commissioner may not reject or modify the findings of fact unless the commissioner first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon any competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law." OCGA § 31-6-44 (k) (1).

3

cases, like the case at issue, "[a]fter the evidentiary hearing, the hearing officer, not the [c]ommissioner, evaluates the evidence and makes written findings of facts and conclusions of law." (Citation and punctuation omitted.) Id.

The Supreme Court then described the commissioner's role, explaining that "OCGA § 31-6-44 (k) (1) requires the [c]ommissioner to accept the hearing officer's findings of fact 'unless the commissioner first determines from a review of the entire record, and states with *particularity* in the order, that the findings of fact were not based upon any *competent substantial evidence*.'" *Vantage*, 318 Ga. App. at 376 (2) (emphasis supplied). Our Supreme Court then went on to define the term "competent substantial evidence" in the first instance as

> evidence that is relevant such that a reasonable mind might accept it as adequate o support a finding of fact, OCGA § 31-6-44.1 (a) (5), and that is admissible. . . . [T]his standard is a deferential one that does not permit the [c]ommissioner to reweigh the evidence, judge the credibility of witnesses, or substitute his judgment on factual issues for that of the hearing officer based on the [c]ommissioner's expertise.

Id. at 373 (2) (b) (punctuation omitted.) With respect to the "particularity" requirement, our Supreme Court stated, "the [c]ommissioner must provide sufficient detail in his order from which a reviewing court can determine whether the

4

[c]ommissioner has or has not improperly substituted his judgment for the findings of fact of the hearing officer." Id. at 374 (2) (c).

Before *Vantage*, neither the term "competent substantial evidence" nor the particularity requirement had been defined by the General Assembly or our Supreme Court, and thus the commissioner's findings in this case were made without this imperative direction, guidance, and insight. It is impossible for us to review the commissioner's order through the lens of a standard that did not exist at the time the order was drafted. While I recognize the important goal of judicial economy, "the goal of judicial economy cannot justify sacrificing the rights of the parties." *Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174, 179 (1) (c) (421 SE2d 767) (1992).

This case involves access to healthcare for Georgia residents. The General Assembly has granted to the Department of Community Health the power to "[s]erve as the lead planning agency for all health issues in the state." OCGA § 31-2-1 (1). And the commissioner is the chief administrative officer of that Department. See OCGA § 31-2-6 (a). In carrying out its duties in contested certificate of need cases, the commissioner should be afforded the opportunity to conduct its review of the record and apply the correct standards with the new guidance provided our Supreme Court's

decision in *Vantage*. Accordingly, I would vacate the orders of the superior court and remand this case for further consideration.